## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### APRIL 1998 SESSION

FILED

May 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) NO. 02C01-9709-CR-00369 |
| Appellee, | ) |
| | ) SHELBY COUNTY |
| VS. | ) |
| | ) HON. ARTHUR T. BENNETT, |
| GLENN RAY, | ) JUDGE |
| | ) |
| Appellant. | ) (Denial of Alternative Sentencing) |

FOR THE APPELLANT:

**WILLIAM D. MASSEY**
3074 East Street
Memphis, TN 38128

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**PERRY S. HAYES**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Glenn Ray, was convicted in the Shelby County Criminal Court upon guilty pleas to one (1) count of possession with the intent to sell cocaine under 0.5 grams and one (1) count of the sale of cocaine under 0.5 grams. He was sentenced as a Range I offender to concurrent terms of three (3) years and fined $2,000 for each offense. The trial court denied alternative sentencing. On appeal, defendant challenges the trial court's denial of alternative sentencing. We affirm the judgment of the trial court.

**I**

Defendant was indicted for the sale of and possessing with the intent to sell or deliver <u>over</u> 0.5 grams of cocaine, all Class B felonies. These offenses occurred in June 1995. In a subsequent indictment, defendant was charged with the sale of and possession with the intent to sell or deliver <u>under</u> 0.5 grams of cocaine, all Class C felonies. These offenses occurred in October 1995 while defendant was released on bond for the June offenses.

Pursuant to a negotiated plea agreement, defendant pled guilty to one (1) count of possession with the intent to sell <u>under</u> 0.5 grams of cocaine and one (1) count of the sale of cocaine <u>under</u> 0.5 grams. He received an agreed sentence of concurrent terms of three (3) years and fined $2,000 for each count with the issue of alternative sentencing to be determined by the trial court.

As to the June offense, defendant testified at the sentencing hearing that he "found" the drugs on the ground near some apartments. Defendant maintained that he was not selling drugs. However, when the trial court explained that accepting money in exchange for drugs meant "selling," defendant conceded that he had been selling drugs. The following exchange occurred between defendant and the trial court:

2

THE WITNESS:    I had never sold -- been selling dope.  I just --

THE COURT:    Oh, you didn't get any money for it -- you didn't ask for money -- selling means you give them the dope, and they tried to give you the money.  That's what selling -- like you buy a loaf of bread.  If you get a loaf of bread from Kroger's, you've got to give them some money, and they give you the bread -- let you get the bread.  That's selling bread at Kroger.

All right.  Do you understand?

THE WITNESS:    Yes, sir.

THE COURT:    What were you doing?  Selling rocks?

THE WITNESS:    No, sir.  I don't sell rocks.

THE COURT:    You don't sell rocks.  Okay.  What were you -- what -- I thought they were offering you money for the rocks -- did they?

THE WITNESS:    Yes, sir.

THE COURT:    Did you give them the rocks?

THE WITNESS:    Yes, sir.

THE COURT:    Well, what is that?  What did you call that?

THE WITNESS:    Well, I mean that's selling.

THE COURT:    That's what I call it to [sic].  Why did you say you're not selling . . . didn't sell the rock?

THE WITNESS:    I had got a hold [of it], and I just sold it, you know.

THE COURT:    Sold it.  Everybody that sells gets a hold of it.

3

> The fact that you claim you
> -- you found a rock of it
> doesn't mean that selling it
> is no longer selling it. . .

Defendant testified that he was employed full time and would abide by any conditions of alternative sentencing. He claimed that he never sold drugs, except for these two instances. He stated that he was remorseful for his actions and would not be involved in any further criminal activity. However, he acknowledged that the October 1995 offense occurred while he was released on bond for the June 1995 offense. Furthermore, he admitted that he had given the police a false address when he was arrested in June.

Defendant had a prior criminal record consisting of four (4) misdemeanors. The earliest of these offenses, malicious mischief, was reduced from a third degree burglary charge.

The trial court specifically found that defendant was untruthful in his testimony, which reflected on defendant's potential for rehabilitation. The court noted that the second offense occurred while defendant was released on bond for the first offense. The trial court further found that granting alternative sentencing would depreciate the seriousness of the offense. Therefore, the trial court denied alternative sentencing.

## II

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard

4

offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

Individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). Sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

III

The trial court found, and we agree, that defendant's testimony was less than credible. The defendant's lack of credibility is an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d at 306. We also agree that the need to avoid depreciating the seriousness of the offenses weighs against alternative sentencing. Defendant has a prior criminal

5

history and committed the second drug offense while he was on bail for the June offense. A trial court may properly consider these enhancement factors in determining if incarceration is appropriate. *See* State v. Boston, 938 S.W.2d at 438; Tenn. Code Ann. §§ 40-35-210(b)(5), 40-35-114(1) and (13)(A). We also note that measures less restrictive than confinement have proven unsuccessful for this defendant.

The trial court considered the appropriate principles of sentencing and found that defendant was not a good candidate for alternative sentencing. These findings are entitled to a presumption of correctness. Accordingly, the judgment of the trial court is affirmed.

**JOE G. RILEY, JUDGE**

**CONCUR:**

**DAVID G. HAYES, JUDGE**

**WILLIAM M. BARKER, JUDGE**